UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**JESSE THOMPSON**                                                                           **PETITIONER**

v.                                                             **CIVIL ACTION NO. 3:21-cv-69-BJB**

**AMY ROBEY**                                                                          **RESPONDENT**

## MEMORANDUM OPINION

*Pro se* Petitioner Jesse Thompson, an inmate at the Luther Luckett Correctional Complex (LLCC), filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (DN 10). The amended petition is before the Court on preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28 U.S.C. § 2254 Cases (applicable to § 2241 petitions under Rule 1(b)). For the following reasons, the Court dismisses the petition on preliminary review.

The amended petition reports that Thompson has high blood pressure, high cholesterol, and diabetes and that he contracted COVID-19 in January 2021. Thompson states that he does not believe that LLCC's policies "are restrictive enough to keep me well considering I have all the health issues that I have including a low immune system." He asks for immediate release due to the risk of being incarcerated during the COVID-19 pandemic given his health issues.

### I. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court, therefore, first considers whether it has jurisdiction over this matter.

Habeas claims implicate the jurisdiction of federal courts to the extent the petitioner challenges the fact or duration of confinement, rather than the conditions of confinement. *See Mescall v. Hemingway*, No. 20-1857, 2021 WL 4025646, at *1 (6th Cir. Apr. 7, 2021) ("In general, prisoners challenging the conditions of their confinement must do so through a civil rights action.") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973), and *Nelson v. Campbell*, 541 U.S. 637, 643 (2004)). The Sixth Circuit has held, however, that habeas jurisdiction may be available if "petitioners argue the alleged unconstitutional conditions of their confinement can be remedied only by release." *Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020) (citing 28 U.S.C. § 2241). If "a petitioner claims that *no set of conditions* would be constitutionally sufficient," then jurisdiction may exist because the claim ultimately "challeng[es] the fact or extent, rather than the conditions, of the confinement.'" *Mescall*, 2021 WL 4025646, at *1 (emphasis added) (quoting *Wilson*). In *Mescall*, the Sixth Circuit held that federal courts lacked jurisdiction because a prisoner asked for release based on the lack of testing, masks, and sanitary supplies, and did "not allege that there is 'no set of conditions' that would remedy the risks associated with COVID-19." *Id.* (affirming order that "claims challenging the prison conditions and the lack of COVID-19 testing are not cognizable in a § 2241 proceeding and must instead be pursued in a civil rights action").

Here, Thompson complains about the conditions of his confinement, but does not allege that no precautions would make his confinement constitutional. His filings don't make clear what he contends the prison should stop or begin doing in order to comply with the Constitution. Nor why—in his view—the prison couldn't house him consistent with the Constitution. His original petition, in fact, says explicitly that he "challenges the *conditions of his confinement* based on . . . [the prison's failure to follow] CDC-recommended measures such as social

2

distancing and using cleaning products[.]" DN 1 at 5 (emphasis added). This request plainly falls outside this Court's jurisdiction because it does not challenge the fact or duration of his confinement. And nothing in the amended petition appears to contradict this statement or alter his position regarding the perceived insufficiency of the prison's Covid-mitigation steps. Even Thompson seems to implicitly recognize that some potential precautions would ameliorate the allegedly unconstitutional conditions at his prison, meaning release from imprisonment is not the sole remedy that could redress his concerns. Therefore this Court lacks jurisdiction over this matter and must dismiss it with prejudice.

## II. EXHAUSTION

Alternatively, even if jurisdiction existed over this matter, dismissal is required because Thompson failed to exhaust his remedies before suing. The Court must consider, even without a request from a litigant, whether a prisoner exhausted potentially available state remedies before filing a habeas petition in federal court. *Whitley v. Horton*, No. 20-1866, 2020 WL 8771472, at *2 (6th Cir. Dec. 11, 2020) ("Although a prisoner is not required to plead and prove exhaustion in his habeas petition, a court nonetheless may dismiss a petition sua sponte if the prisoner's failure to exhaust is apparent from the face of the pleading."); *Allen v. Perini*, 424 F.2d 134, 138–39 (6th Cir. 1970) ("If at any time during the course of a habeas corpus proceeding the District Court finds that the prisoner has not exhausted the remedies available to him in the courts of the State, the petition should be dismissed.").

Thompson's amended petition admits that he did not exhaust any state remedies. DN 10 at 4–6. His only potential explanation for not exhausting is a notation indicating "habeas referral," and another indicating an inmate told him to "file a habeas corpus." *Id.*. He does not argue that no state remedy is available.

3

No "unusual" or "exceptional" circumstances appear to excuse Thompson's failure to exhaust. *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000) ("[A] petition that includes unexhausted claims will ordinarily not be considered by a federal court absent 'unusual' or 'exceptional' circumstances."); *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987). Thompson filed his amended petition approximately 15 months into the pandemic. His earlier complaints regarding closed courthouses, shelter-in-place orders, and the lack of access to an approved vaccine no longer hold true. DN 1 at 2. And Thompson admits that he already caught and survived Covid. *Id*. Thompson and the nation have come a long way since a district judge in the Eastern District of Kentucky ruled, in mid-2020, that "the current pandemic is an unusual or exceptional circumstance that could allow a federal court to consider the [prisoner's habeas petition]" regardless of exhaustion. *Blackburn v. Noble*, 2020 WL 4758358, at *5 (E.D. Ky. Aug. 17, 2020). This ruling did not purport to categorically and indefinitely waive exhaustion requirements for all prisoners raising Covid objections.

The Sixth Circuit held similar claims made in habeas petitions were unexhausted, even though petitioners filed them at the outset of the pandemic. *Whitley*, 2020 WL 8771472 at *2 (denying a certificate of appealability to a habeas petitioner who sought release, under § 2254, because of the COVID-19 pandemic because petitioner failed to exhaust his state remedies in 2020); *Carter v. Cheeks*, No. 21-1171, 2021 WL 3671139, at *1–2 (6th Cir. July 23, 2021) (denying application for a certificate of appealability, based partly on failure to exhaust, after district court denied habeas petition that claimed risk of Covid subjected prisoner to cruel and unusual punishment).

Thus, even if this Court had jurisdiction over this matter, the petition would have to be dismissed for failure to exhaust.[1]

### III. CERTIFICATE OF APPEALABILITY

Before Thompson may appeal this Court's decision, a certificate of appealability (COA) must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. When, however, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. In such a case, no appeal is warranted. *Id*.

Because jurists of reason could not find this ruling debatable or wrong, a COA is not warranted.

---

[1] The Court further notes that if it had jurisdiction to consider the merits of Thompson's petition, the likelihood of success appears quite low, given that Thompson already had Covid before he filed this petition, does not report any subsequent health issues, and largely raises generalized concerns regarding the facility's Covid-response decisions.

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date: October 25, 2021

Benjamin Beaton, District Judge
United States District Court

cc:     Petitioner, *pro se*
        Respondent
        Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive,
            Frankfort, KY 40601
B213.009